**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4276**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CHEASER ANTONIO GRANT,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Anderson. Henry M. Herlong, Jr., Senior District Judge. (8:06-cr-00515-HMH-1)

Submitted: September 28, 2017                    Decided: October 2, 2017

Before WILKINSON, MOTZ, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Lora Blanchard, Assistant Federal Public Defender, Greenville, South Carolina, for Appellant. Beth Drake, Acting United States Attorney, A. Lance Crick, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Cheaser Antonio Grant appeals from the judgment revoking his supervised release and imposing a 48-month sentence. Grant challenges his sentence, contending that it is plainly unreasonable, because the district court did not sufficiently explain its reasoning. Finding no reversible error, we affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013). "We will affirm a revocation sentence if it is within the statutory maximum and is not 'plainly unreasonable.'" *Id*. (quoting *United States v. Crudup*, 461 F.3d 433, 438 (4th Cir. 2006)). "When reviewing whether a revocation sentence is plainly unreasonable, we must first determine whether it is unreasonable at all." *United States v. Thompson*, 595 F.3d 544, 546 (4th Cir. 2010). A revocation sentence is procedurally reasonable if the district court adequately explains the sentence after considering the Sentencing Guidelines' Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) (2012) factors. *See* 18 U.S.C. § 3583(e) (2012); *Thompson*, 595 F.3d at 546-47.

Grant claims that his sentence is procedurally unreasonable because the district court failed to explain adequately its reasons for imposing a 48-month sentence, which was below the statutory maximum but exceeded the applicable Sentencing Guidelines' advisory policy statement range. Having reviewed the record, we find that the district court's explanation of this sentence, considering its commentary during the proceeding, was sufficient under the circumstances. *See Thompson*, 595 F.3d at 547 (discussing standard). We therefore conclude that Grant's sentence is not plainly unreasonable.

2

Accordingly, we affirm the judgment order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*